IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY HARRIS,                                                    Civil Action File No.

             Plaintiff,

v.

WAL-MART STORES EAST, LP,

             Defendant.

_____/

## NOTICE OF REMOVAL

COMES NOW WAL-MART STORES EAST, LP, named Defendant in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

On March 17, 2021, the above-named Plaintiff filed suit against Defendant WAL-MART STORES EAST, LP in the State Court of Clayton County, Georgia, which is within the Atlanta Division of this Court. 28 U.S.C.A. § 90(a)(2).  Said lawsuit is styled as above and is numbered as Civil Action File No. 2021CV00602. Plaintiff's claims against Defendant includes claims of negligence and premises liability.

2.

The Complaint alleges a slip-and-fall incident on March 31, 2019, at Walmart store number 5363, located in Lovejoy, Clayton County, Georgia.  (Exhibit "A," State Court Pleadings at 5, Complaint ¶ 6).   The Complaint is silent as to the amount in controversy, but alleges $39,000 in medical expenses.  (Ex. A, State Court Pleadings at 6, Complaint ¶ 13).   In response to Requests for Admissions on May 3, 2021, as to whether Plaintiff was seeking a sum in excess of $75,000, whether Plaintiff would agree to write down an award in excess of $75,000 so that any judgment would not exceed the sum of $75,000, and whether Walmart would be ordered, adjudged, or called upon to pay Plaintiff a sum in excess of $75,000, Plaintiff responded:

> Plaintiff objects to this request as its premature, calls for speculation, and as discovery is just beginning. At this early stage, Plaintiff does not know what amount she will seek from a jury, or what amount Wal-Mart may be adjudged to pay, in this matter. As such, and based upon reasonable inquiry and information known to Plaintiff at this time, she neither can admit nor deny this request at this time.

(Exhibit "B," Plaintiff's Responses to Requests for Admissions Nos. 1-3).   On May 12, 2021, Plaintiff responded to Interrogatory No. 1 listing $38,510.04 in medical expenses that she was claiming related to the subject incident, but, in response to

Interrogatory No. 3, which asked Plaintiff to "[l]ist each part of the body which you contend you injured in the Wal-Mart incident," Plaintiff only identified "Right leg and hip." (Exhibit "C," Plaintiff's Responses to Interrogatories Nos. 1 and 3). In response to Interrogatory No. 4, which asked Plaintiff to itemize her claimed lost wages, Plaintiff did not provide a response at all. (Ex. C, Plaintiff's Response to Interrogatory No. 4). Plaintiff also produced medical records and bills, and the amounts for treatment for "Right leg and hip" totaled less than $38,510.04 because some of the records were for treatment of other parts of the body that Plaintiff had not identified as being related to the Walmart incident in response to Interrogatory No. 3. (Exhibit "D," Plaintiff's Production of Documents in Response to Requests for Production of Documents). For instance, Plaintiff included bills and records in the production for treatment of neck, low back, and mid back pain among other conditions. (Ex. D, Plaintiff's Production of Documents in Response to Requests for Production of Documents at 16-19). In the same production, Plaintiff produced an "Accident Injury Report" indicating that Plaintiff had been experiencing "lower back pain & neck pain" before the Walmart incident due to a prior incident on February 2, 2019—a less than two months before the Walmart incident. (Ex. D, Plaintiff's Production of Documents in Response to Requests for Production of

Page 3

Documents at 26).

On February 16, 2022, Plaintiff was deposed, and, on March 2, 2022, Defendant received the transcript from Plaintiff's deposition.   (Exhibit "E," Email from Court Reporter with Plaintiff's Deposition Transcript, March 2, 2022).   In Plaintiff's deposition, Plaintiff expanded the parts of her body that she is claiming she injured in the Walmart incident to low back, mid back and radiating pain into legs, testifying, "That should have been mentioned form the beginning, because I've been treated for my back since then."   (Exhibit "F," Deposition of Plaintiff ("Plaintiff Dep.") 20:19-22:2).   Plaintiff also testified that she injured her neck in the Walmart incident and received treatment for neck pain, and that Plaintiff is still treating.   (Ex. F, Plaintiff Dep. 134:24-140:12).   Despite continuing treatment and having received an injection just a week or so before her deposition on February 16, 2022, Plaintiff has not supplemented discovery with the amount of claimed medical expenses she has allegedly incurred related to the Walmart incident since her initial discovery responses on May 12, 2021.

Further, Plaintiff testified that her medical expenses that she claims are related the Walmart incident are "much more" than $38,510.04:

Q.    Okay.  The total medicals that you've alleged here, if you add

Page 4

these all up, they add up to $38,510.04.   Is that your understanding of how much your medicals for this particular incident have cost?

A.     No.   My understanding is **my medicals have cost much more**.

Q.     What's your understanding of how much your medicals cost?

A.     So my -- Piedmont Pain Consultants changed over to another company.  I don't -- I don't know. Again, it stated that some of my medical records --bills rather, wasn't transferred to this new company when he moved it.  It's the same physician, but he moved to a new location and changed the name, and some of my bills wasn't submitted.

Q.     Okay.   How much more than 38,000?

A.     I can't quite tell you, because I never received an itemized bill besides what I received from this deposition.  I do know, when I spoke to the office manager at Pain Consultants, that it was some errors with medical billing.

Q.     **Do you know if it's more than $100,000 in medicals?**

A.     **It may be.   I had a lot of injections, I've had to be put to sleep for several things.   Yeah, it may be or close to 100, yes.**

(Ex. F, Plaintiff Dep. 15:9-16:9) (emphases added).

Immediately following Plaintiff's deposition, Defendant emailed Plaintiff's

counsel to request supplementation:

Mary Paige and Michael,

•     Plaintiff testified that her medical expenses are much greater than $38k that are listed in her initial discovery responses; that she

> injured parts of her body other than her right leg and hip, which
> are the only two parts of the body that she claimed in her
> discovery responses to have injured in the Walmart incident; and
> that she is claiming lost wages even though there is no response
> to Interrogatory no. 4 as to lost wages.   Please provide a
> supplement regarding these discovery responses and Plaintiff's
> claimed medicals and lost wages no later than March 2, 2022.

(Exhibit "G," Emails Requesting Supplementation at 3).   On February 25, 2022,

Plaintiff's counsel responded to request additional time to respond—through and

including March 16, 2022.   (Ex. G, Emails Requesting Supplementation at 3).

With the one-year removal deadline in mind, Defendant agreed to extend time to

provide supplementation through March 11, 2022 if Plaintiff would email the

supplement so it was received before midnight on that day.   (Ex. G, Emails

Requesting Supplementation at 2).   Plaintiff did not respond to that email, and, on

March 16, 2022 (which is the day that Plaintiff had requested to be allowed to

provide the supplement), Defendant followed up with another request that the

supplement be provided no later than 5 p.m. on March 16, 2022.   (Ex. G, Emails

Requesting Supplementation at 2).   In response, on March 16, 2022, Plaintiff made

a partial supplementation as to other incidents and other lawsuit involving Plaintiff,

but, as to Plaintiff's claimed medical expenses and other special damages allegedly

related to the Walmart incident, Plaintiff did not provide new total amount to date.

Page 6

(Ex. G, Emails Requesting Supplementation at 1).

Defendant respectfully submits to the Court that this course of action by Plaintiff had the effect of concealing the true amount of medical expenses that Plaintiff was claiming, the extent of her injuries and treatment that she is claiming, and the extent of the lost wages that she is claiming in regard to the subject incident so as to wait out the one-year removal deadline and deprive Defendant of the right to remove the case to federal court.   Defendant timely files this notice of Removal less than a year after suit was filed and within thirty (30) days after receipt of the Plaintiff's deposition transcript.

2.

Defendant WAL-MART STORES EAST, L.P. is a Delaware limited partnership, of which WSE Management, LLC is the only general partner, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas, and it was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit or at any time thereafter. The principal place of business

for all entities mentioned in this paragraph is 708 SW 8th Street, Bentonville, AR 72716.

3.

Mary Harris is a citizen of the State of Georgia.

4.

Complete diversity of citizenship exists between Plaintiff and Defendant.

5.

Plaintiff testified that her medical expenses are "much more" than $38,510.04, and "It may be [more than $100,000 because] I had a lot of injections, I've had to be put to sleep for several things.  Yeah, it may be or close to 100, yes." (Ex. F, Plaintiff Dep. 15:9-16:9; see also 134:24-140:12).   For this reason, the amount in controversy requirement for diversity jurisdiction has been met.

Additionally, as demonstrated above, Plaintiff has exhibited a course of conduct in this case to downplay her claimed injuries, treatment, and medical expenses, hide the amount of her claimed lost wages, and delay supplementation of this information until after the one-year time limit to remove to federal court.   A diverse plaintiff cannot "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter

provide the defendant with no details on the value of the claim." <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 754 (11th Cir. 2010). For instance, where a plaintiff alleges that she has incurred special damages but does not allege those special damages with specificity in the complaint (as plaintiffs are required to do under O.C.G.A. § 9-11-9.1), a federal court may consider the withholding of that information to be an attempt to gain a tactical advantage by shielding plaintiff's case from removal to federal court. <u>Peters v. Wal-Mart Stores East, LP</u>, No. 1:13-CV-76 (WLS), 2013 WL 4647379, at *2 (M.D. Ga. Aug. 29, 2013). Thus, as in <u>Peters</u>, the Court should consider these omissions and course of delay and obfuscation to be an effort by Plaintiff to gain a tactical advantage by attempting to shield her claim from federal court jurisdiction, and hold that such "shielding" supports a finding that the amount in controversy exceeds $75,000. For these reasons, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendant.

7.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendant has attached as

Exhibit "A" copies of all the pleadings that were provided to and served upon Defendant, including copies of all pleadings that have been filed to date in the State Court of Clayton County, Georgia for the above-styled case.

8.

Pursuant to 28 U.S.C. § 1446, Defendant is not required to file a removal bond.

9.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

10.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Clayton County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendant prays that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

McLAIN & MERRITT, P.C.

_____/s/ Nicholas E. Deeb_____

Howard M. Lessinger
Georgia State Bar No. 447088
Nicholas E. Deeb
Georgia State Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326-3240
(404) 266-9171
(404) 365-4535
(404) 364-3138 (Fax)
hlessinger@mmatllaw.com
ndeeb@mmatllaw.com

The undersigned counsel certifies that the foregoing Notice of Removal has been prepared with one of the font and point selections approved by the court in LR 5.1B.

_____/s/ Nicholas E. Deeb_____

Nicholas E. Deeb

## **CERTIFICATE OF SERVICE**

This is to certify that on March 16, 2022, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

McLAIN & MERRITT, P.C.

_____/s/ Nicholas E. Deeb_____
Howard M. Lessinger
Georgia State Bar No. 447088
Nicholas E. Deeb
Georgia State Bar No. 117025
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA   30326-3240
(404) 266-9171
hlessinger@mmatllaw.com
ndeeb@mmatllaw.com